# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EUNICE THEODOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| vs. ) | No. _____ |
| ) | |
| PIEDMONT MEDICAL ) | |
| CARE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Eunice Theodor, by and through counsel, files this Complaint against Defendant Piedmont Medical Care Corporation ("Piedmont" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* by failing to pay Plaintiff proper overtime wages. Plaintiff files this Complaint against Defendant to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of her claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendant to properly calculate and pay Plaintiff overtime wages during the period May 2022 through July 2024.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

4. Plaintiff Eunice Theodor is a resident of Georgia in this judicial district and division.

5. Defendant Piedmont Medical Care Corporation is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 2727 Paces Ferry Road, Suite 1-1100, Atlanta, GA, 30339.

6. Defendant's registered agent for service of process is CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA, 30060.

7. Defendant Piedmont had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

8. At all relevant times, Defendant has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

9. Defendant employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

10. Plaintiff was employed by Defendant as a nurse practitioner.

11. At all times during her employment, Plaintiff was a non-exempt employee of Defendant.

12. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e)(1).

13. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

### A. Plaintiff's Employment with Defendant.

14. Defendant hired Plaintiff in approximately May 2022.

15. Plaintiff's employment with Defendant ended in approximately July 2024.

16. Plaintiff was employed as a nurse practitioner and her job duties included providing comprehensive healthcare services, such as patient assessment, diagnosis, treatment planning, patient education, collaboration with healthcare teams, advocacy, and leadership in promoting health and wellness.

17. In performing her job duties for Defendant, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of

Defendant' operations.

18. In performing her job duties for Defendant, Plaintiff did not direct or supervise the work of any employees.

19. In performing her job duties for Defendant, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

20. In performing her job duties for Defendant, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

21. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

**B. Plaintiff's Unpaid Overtime.**

22. Defendant paid Plaintiff an hourly wage.

23. Defendant denied Plaintiff payment of overtime wage compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

24. While Plaintiff's schedule varied, she regularly worked in excess of 40 hours per workweek.

25. Defendant's policy and practice was to automatically reduce employees', including Plaintiff's, time by 30 minutes for lunch regardless if the

4

employee was able to take a lunch break or not.

26. Plaintiff's workload routinely required her to work through her lunch break.

27. At all relevant times, Defendant's policy and practice of not paying Plaintiff for all hours worked violated the FLSA.

28. Defendant willfully and/or deliberately failed to pay Plaintiff her earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

29. Defendant maintained records of hours that Plaintiff worked.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

30. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

31. At all relevant times, Defendant were engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

32. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

33. At all relevant times, Defendant were an enterprise (as that term is

defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

34. Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

35. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

36. Defendant's policy and practice was to automatically reduce employees', including Plaintiff's, time by 30 minutes for lunch regardless if the employee was able to take a lunch break or not.

37. Plaintiff was routinely required to work through her lunch break.

38. At all relevant times, Defendant's policy and practice of not paying Plaintiff for all hours worked violated the FLSA.

39. Defendant willfully refused to pay Plaintiff properly for overtime compensation as required by federal law.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

41. Plaintiff suffered damages due to Defendant' willful misconduct.

42. Due to Defendant' FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this July 10, 2024.

                                                    **HALL & LAMPROS, LLP**

                                                    /s/ *Gordon Van Remmen*
                                                    Christopher B. Hall
                                                    Georgia Bar No. 3018380
                                                    Gordon Van Remmen
                                                    Ga. Bar # 215512

300 Galleria Parkway,
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*


Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.